LEE HIGH, LTD.
Cecilia Lee, Esq.
Nevada Bar No. 3344
Elizabeth High, Esq.
Nevada Bar No. 10082
448 Ridge Street
Reno, Nevada 89501
Telephone: 775.324.1011
Email: c.lee@lee-high.com
Email: e.high@lee-high.com

Attorneys for Appellee Christina W. Lovato, Trustee

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>NETWORK SERVICES SOLUTIONS, LLC,<br><br>Debtor. | Case No. BK-N-17-50309-GWZ<br><br>Chapter 7 Case |
| CHRISTINA W. LOVATO, Trustee of the bankruptcy estate of NETWORK SERVICES SOLUTIONS, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT A. MADISON, an individual; LISA MADISON, an individual; and the MADISON FAMILY TRUST DATED NOVEMBER 7, 2014, a Nevada trust,<br><br>Defendants. | Adv. Proc. No. 19-05015-GWZ<br><br>Appeal Reference No. 20-07 |
| SCOTT A. MADISON,<br><br>Appellant,<br><br>vs.<br><br>CHRISTINA LOVATO, Trustee,<br><br>Appellee. | Case No. 3:20-cv-00172-MMD<br><br>**APPELLEE'S MOTION TO DISMISS UNTIMELY BANKRUPTCY APPEAL FOR LACK OF JURISDICTION** |

This case comes before the Court on an untimely appeal from a final judgment entered by the United States Bankruptcy Court for the District of Nevada on February 27, 2020 (the "Judgment") in an adversary proceeding arising under a chapter 7 bankruptcy case captioned In re Network Services Solutions, LLC, Case No. 17-50309-GWZ. Appellee Christina W. Lovato, Trustee of the Chapter 7 estate of Debtor Network Services Solutions, LLC ("Trustee" or "Appellee"), hereby moves for an order dismissing the appeal from the Judgment filed by Defendant Scott A. Madison ("Mr. Madison" or "Appellant") on March 13, 2020 on the ground that the notice of appeal was untimely filed and therefore this Court lacks subject matter jurisdiction.

This motion is supported by the following memorandum of points and authorities, the attached exhibits, the Declaration of Elizabeth High in Support of Appellee's Motion to Dismiss Untimely Bankruptcy Appeal for Lack of Jurisdiction (the "High Declaration") and the papers and pleadings on file in the underlying Adversary Proceeding and Bankruptcy Case, of which Appellee requests that this Court take judicial notice. Fed. R. Evid. 201.

**STATEMENT OF FACTS**

On March 20, 2017, Network Services Solutions, LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Bankruptcy Docket No. 1. On August 29, 2017, the Bankruptcy Court converted the case to one under chapter 7 of the Bankruptcy Code on motion filed by the United States Trustee. Bankruptcy Docket No. 161.

Appellant Scott A. Madison was the sole manager and member of the Debtor. Bankruptcy Docket No. 1. On June 20, 2019, the Trustee filed the underlying adversary proceeding in the Bankruptcy Court (the "Adversary Proceeding") against Appellant, his wife, Lisa Madison ("Mrs. Madison"), and the Madison Family Trust Dated November 7, 2014 (the "Madison Family Trust," and with Mr. Madison and Mrs. Madison, "Defendants"). Adv. Proc. Docket No. 1. The Trustee alleged, among other things, that in the twenty-seven months before Debtor's March 2017 chapter 11 filing, Defendants took over $2,700,000 from the Debtor, during a time the Debtor was unable to pay its creditors. Id. On July 25, 2019, Defendants appeared through counsel, John Bartlett,

Esq., and filed an Answer, in which they admitted many, if not most, of the allegations made in the Complaint. Adv. Proc. Docket No. 4.

On December 26, 2019, the Trustee filed a Motion for Partial Summary Judgment ("Motion"), a Separate Statement of Undisputed Material Facts in support of Plaintiff's Motion for Partial Summary Judgment to which Exhibits A – EE were attached ("SUMF"), the Declarations of Trustee Christina W. Lovato, Timothy Nelson, CPA, Elizabeth High, Esq. and Elizabeth Dendary, CP (collectively, the "Declarations"), and a Notice of Hearing on Plaintiff's Motion for Partial Summary Judgment ("Notice of Hearing"). A true and correct copy of the Motion, Lovato and Nelson Declarations, and Notice of Hearing are attached hereto as Exhibit 1. High Declaration.[1] The Trustee served Defendants, through counsel, with the Motion, the SUMF, the Declarations and the Notice of Hearing. A true and correct copy of the Certificate of Service is attached hereto as Exhibit 2. High Declaration.

On January 2, 2020, Defendants' counsel filed a Motion to Withdraw as Counsel of Record for Defendants ("Motion to Withdraw") and a Notice of Hearing on the Motion to Withdraw, which was set for hearing on the same date and time as the Trustee's Motion. True and correct copies of the Motion to Withdraw (without exhibit) and Notice of Hearing are attached hereto as Exhibit 3. High Declaration. In his Motion to Withdraw, Mr. Bartlett represented that he had sent the Trustee's Motion and all supporting documentation to the Defendants and had made them aware of the deadline for filing a response. Id., p. 2. On January 7, 2020, the Trustee filed a Response to Motion to Withdraw noting that while she had no objection to counsel's withdrawal, the Local Rules of Practice for the District of Nevada and the Nevada Rules of Professional Conduct provide that counsel's request did not affect Defendants' obligation to timely file an opposition, along with supporting evidence, to the Summary Judgment Motion. A true and correct

---

[1] The SUMF is voluminous and its contents, while important for the underlying Summary Judgment Motion, are not at issue at this time in the Appeal before this Court because the underlying merits of the Judgment are not at issue due to the lack of this Court's jurisdiction. The SUMF is available as Docket No. 17 in the Adversary Proceeding.

copy of the Response to Motion to Withdraw and the Certificate of Service of the same, reflecting service on Attorney Bartlett and on the Defendants, is attached hereto as Exhibit 4. High Declaration. Defendants did not oppose the Motion to Withdraw. High Declaration.

Thereafter – despite receiving ample notice and still being represented by counsel – Defendants did not file any pleading in opposition to the Trustee's Motion. High Declaration. On January 21, 2020, the Trustee filed a Reply in Support of Plaintiff's Motion for Partial Summary Judgment ("Reply"). A true and correct copy of the Reply and the Certificate of Service of the same, reflecting service on Attorney Bartlett and on the Defendants, is attached hereto as Exhibit 5. High Declaration.

On February 6, 2020, the Court held a hearing on both the Trustee's Motion and the Motion to Withdraw. A true and correct copy of the Transcript of February 6, 2020 Hearing is attached hereto as Exhibit 6. High Declaration. While Mrs. Madison was present in Court during the hearing, Mr. Madison did not appear. Id., pp. 3, 14. The Court first heard the Motion to Withdraw and in response to the Court's questions, Mrs. Madison indicated that she had no objection to the Motion to Withdraw. Id., p. 15. Mr. Bartlett represented on the record that he had had "numerous discussions" with both Mr. and Mrs. Madison in the thirty (30) days preceding the hearing and that Mr. Madison had not objected to Mr. Bartlett's withdrawal. Id., pp. 14-15. The Court granted the Motion and on February 13, 2020, the Court entered the Order Granting Motion of John S. Bartlett to Withdraw as Counsel of Record for Defendants, a true and correct copy of which is attached hereto as Exhibit 7. High Declaration.

The Court then held a lengthy hearing on the Trustee's Motion, making extensive findings of fact and conclusions of law on the record, which the Court granted at the hearing and memorialized in writing on February 13, 2020 in the Findings of Fact and Conclusions of Law in Support of Order Granting Plaintiff's Motion for Partial Summary Judgment ("FOFCOL") and a separate Order Granting Plaintiff's Motion for Partial Summary Judgment ("Summary Judgment Order"). Adv. Proc. Docket Nos. 36 and 37. On February 14, 2020, the Trustee filed and served a Notice of Entry of the FOFCOL and Summary Judgment Order, which was served on Defendants

at the email addresses confirmed during the February 6, 2020 hearing. True and correct copies of the Notice of Entry (to which the FOFCOL and Summary Judgment Order are attached) and the Certificate of Service are attached hereto as Exhibit 8. High Declaration.

On February 27, 2020, the Bankruptcy Court entered the Judgment against Defendants. Adv. Proc. Docket No. 41; Appeal Docket No. 1, pp. 9-11. The Trustee filed and served a Notice of Entry of Judgment on the Defendants on February 28, 2020 via E-mail and U.S. Mail. True and correct copies of the Notice of Entry of Judgment and Certificate of Service are attached hereto as Exhibit 9. High Declaration.

Appellant filed his Notice of Appeal on March 13, 2020. Adv. Proc. Docket No. 49; Appeal Docket No. 1, pp. 6-8. The Bankruptcy Court file-stamped the Notice of Appeal on March 13, 2020 and docketed the Notice of Appeal on March 16, 2020. Id.

## LEGAL ARGUMENT

"The timely filing of a notice of appeal is mandatory and jurisdictional." Key Bar Invs., Inc. v. Cahn (In re Cahn), 188 B.R. 627, 630 (B.A.P. 9th Cir. 1995) (citing Browder v. Dir., Dep't of Corr. of Ill., 434 U.S. 257, 264 (1978) and Slimick v. Silva (In re Slimick), 928 F.2d 304, 306 (9th Cir. 1990)); In re Nucorp Energy, Inc., 812 F.2d 582, 584 (9th Cir. 1987). A bankruptcy court may extend the time for filing the notice of appeal, so long as the party requesting the extension files a written motion before the time for filing a notice of appeal has expired, except that such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. Warrick v. Birdsell (In re Warrick), 278 B.R. 182, 185 (B.A.P. 9th Cir. 2002).

Part VIII of the Federal Rules of Bankruptcy Procedure "govern the procedure in a United States district court and a bankruptcy appellate panel on appeal from a judgment, order or decree of a bankruptcy court." Fed. R. Bankr. P. 8001(a). Rule 8002 provides:

> (1) Fourteen-day period. Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed.

. . .

 (5) Entry Defined.

  (A) A judgment, order, or decree is entered for purposes of this Rule 8002(a):

   (i) when it is entered in the docket under Rule 5003(a), or

   (ii) if Rule 7058 applies and Rule 58(a) F.R.Civ.P. requires a separate document, when the judgment, order, or decree is entered in the docket under Rule 5003(a) and when the earlier of these events occurs:

• the judgment, order, or decree is set out in a separate document; or

• 150 days have run from entry of the judgment, order, or decree in the docket under Rule 5003(a).

Fed. R. Bankr. P. 8002(a).[2]

 Thus, the time for taking an appeal runs from the "entry" of the order, that is, when it is noted on the official public record, *i.e.*, the docket. Guy v. Danzig (In re Danzig), 233 B.R. 85 (B.A.P. 8th Cir. 1999). As stated by the court in In re Bunt, 165 B.R. 894, 895 n.3. (Bankr. E.D. Ark. 1994), "'entry' of a document is distinct from 'dated' or 'filed.' The term 'dated' refers to the date the judge signs the order. A document is 'filed' on the date the clerk file-stamps it. A document is 'entered' when it is actually recorded on the docket sheet or book by the clerk." Id.; see also Fed. R. Bankr. P. 5003 ("The entry of judgment or order on a docket shall show the date the entry is made.").[3]

 Whether the appellant had notice of the judgment does not affect its validity, nor the date

---

[2] Subsections (b) and (c) of Rule 8002 are inapplicable to the present appeal.

[3] In contrast to Bankruptcy Rule 8002, Nev. R. App. P. 4(a)(1) provides "a notice of appeal must be filed after entry of a written judgment or order, and no later than 30 days after the date that written notice of entry of the judgment or order appealed from is served". Thus, the Nevada Rules of Appellate Procedure specifically state that the time to file a notice of appeal runs from the date of **_service of written notice of entry of the judgment_** appealed from. If this were the federal rule, Congress would have so stated.

Lee High, Ltd.
448 Ridge Street
Reno, NV 89501
(775) 324-1011

1   on which the notice of appeal should have been filed.  Indeed, Fed. R. Bankr. P. 9022 specifically
2   provides that "[l]ack of notice of the entry does not affect the time to appeal or relieve or authorize
3   the court to relieve a party for failure to appeal within the time allowed, except as permitted in
4   Rule 8002."

5   Significantly, the Ninth Circuit has consistently held that the failure to adhere to the time
6   requirements of Rule 8002 "is a jurisdictional defect barring appellate review."  Wiersma v. Bank
7   of the W. (In re Wiersma), 483 F.3d 933, 938 (9th Cir. 2007); see also Delaney v. Alexander (In
8   re Delaney), 29 F.3d 516, 518 (9th Cir. 1994) quoting In re Mouradick, 13 F.3d 326, 327 (9th Cir.
9   1994) ("The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice
10  of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order."); In
11  re Bushnell, 273 B.R. 359, 363 (Bankr. D. Vt. 2001) ("[I]t is well settled that the filing
12  requirements of Rule 8002 are jurisdictional and failure to timely file a notice of appeal precludes
13  appellate review.").  The time provisions in Bankruptcy Rule 8002 must be "strictly construe[d]."
14  In re Souza, 795 F.2d 855, 857 (9th Cir 1986).

15  Before proceeding to the merits of the appeal, a district court considering a bankruptcy
16  appeal must address the threshold question of jurisdiction.  Indeed, courts have an "independent
17  duty to confirm that our jurisdiction is proper."  Reese v. BP Expl. (Alaska) Inc., 643 F.3d 681,
18  688 (9th Cir. 2011) (quoting Kuehner v. Dickinson & Co., 84 F.3d 316, 318-19 (9th Cir. 1996));
19  Stanley v. Crossland, Crossland, Chambers, MacArthur & Lastreto (In re Lakeshore Village
20  Resort), 81 F.3d 103, 105 (9th Cir. 1996) (the court has an independent obligation to examine the
21  existence of subject matter jurisdiction).  It is axiomatic that a notice of appeal that is untimely
22  fails to give the district court appellate jurisdiction.  Souza, 795 F.2d at 857.

23  In this case, the Judgment against the Defendants was entered on the docket on February
24  27, 2020 as a separate document as required pursuant to Bankruptcy Rule 7058 and Fed. R. Civ.
25  P. 58(a), see Adv. Proc. No. 41 and Appeal Docket No. 1, pp. 9-11; thus, the fourteen-day period
26  to file the notice of appeal expired on March 12, 2020.  Fed. R. Bankr. P. 8002(a)(1).  Appellant
27  filed the Notice of Appeal on March 13, 2020, which was past the deadline.  Adv. Proc. Docket

No. 49; Appeal Docket No. 1, pp. 6-8. Significantly, Appellant had ample notice that the Judgment would be entered as he was served with the FOFCOL and Summary Judgment Order on February 14, 2020. Ex. 8.

Moreover, Appellant has not filed any motion – either timely or untimely – to extend the time to file an appeal. Even if such a motion to extend had any basis in fact or law, the time within to do so expired on March 12, 2020 and the time to file a motion based on excusable neglect expired 21 days after the notice of appeal period, or, in other words, on April 2, 2020. Fed. R. Bankr. P. 8002(d)(1).[4] Based on these clear legal standards, because the Notice of Appeal was filed after the time expired to file an appeal, the Court entirely lacks jurisdiction to hear the present appeal.

It is irrelevant to the Court's disposition of this Motion that the Appellant is proceeding *in propria persona*. The Ninth Circuit long ago held that "[p]ro se litigants are not excused from complying with these rules." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part on other grounds in* Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012); see also Clinton v. Deutsche Bank Nat'l Tr. Co. (In re: Clinton), 449 B.R. 79, 83 (B.A.P. 9th Cir. 2011); Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [an appellant] is expected to abide by the rules of the court in which he litigates.").

Based on the above, this Court lacks subject matter jurisdiction to hear the present appeal; thus, this appeal must be dismissed.

///

///

---

[4] It is also worth noting for the Court that the Appellant did not file a designation of the items to be included in the record or a statement of the issues to be presented as required by the Federal Rules of Bankruptcy Procedure and that the time to do so expired on March 27, 2020. Fed. R. Bankr. P. 8009; Appeal Docket No. 4.

## CONCLUSION

For the reasons set forth herein, the Appellant's notice of appeal is untimely and his appeal must be dismissed for lack of subject matter jurisdiction.

DATED this 8th day of April, 2020.

                                                    Lee High, Ltd.

                                                    /s/ Elizabeth High, Esq.
                                                    CECILIA LEE, ESQ.
                                                    ELIZABETH HIGH, ESQ.
                                                    Attorneys for Appellee Christina W. Lovato, chapter 7 trustee

## CERTIFICATE OF COMPLIANCE WITH FED. R. BANKR. P. 8013(f)(3)(A)

This document complies with the word limit of Fed. R. Bankr. P. 8013(f)(3)(A) because, excluding the parts of the document exempted by Fed. R. Bankr. P. 8015(g) and excluding the accompanying documents authorized by Fed. R. Bankr. P. 8013(a)(2)(C), this document contains 2,447 words.

DATED this 8th day of April, 2020.

                                                    Lee High, Ltd.

                                                    /s/ Elizabeth High, Esq.
                                                    CECILIA LEE, ESQ.
                                                    ELIZABETH HIGH, ESQ.
                                                    Attorneys for Appellee Christina W. Lovato, chapter 7 trustee

INDEX OF EXHIBITS

| Exhibit | Description | No. of Pages[5] |
|---|---|---|
| 1 | Plaintiff's Motion for Partial Summary Judgment; Declarations of Trustee Christina W. Lovato and Timothy Nelson, CPA; and Notice of Hearing on Plaintiff's Motion for Partial Summary Judgment | 22 pages |
| 2 | Certificate of Service of Adv. Proc. Docket Nos. 16-22 | 10 pages |
| 3 | Motion to Withdraw as Counsel of Record for Defendants (without exhibit) and Notice of Hearing | 7 pages |
| 4 | Response to Motion to Withdraw as Counsel of Record for Defendants and Certificate of Service | 8 pages |
| 5 | Reply in Support of Plaintiff's Motion for Partial Summary Judgment and Certificate of Service | 8 pages |
| 6 | Transcript of February 6, 2020 Hearing | 8 pages |
| 7 | Order Granting Motion to Withdraw as Counsel of Record for Defendants | 3 pages |
| 8 | Notice of Entry of Findings of Fact and Conclusions of Law in Support of Order Granting Plaintiff's Motion for Partial Summary Judgment and Order Granting Plaintiff's Motion for Partial Summary Judgment and Certificate of Service | 21 pages |
| 9 | Notice of Entry of Judgment and Certificate of Service | 10 pages |

---

[5] Page numbers exclude exhibit title pages.

LEE HIGH, LTD.
448 Ridge Street
Reno, NV 89501
(775) 324-1011

CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and Fed. R. Bankr. P. 8011(c), I certify under penalty of perjury that I am an employee of LEE HIGH, LTD., 448 Ridge Street, Reno, Nevada 89501, and that on April 8, 2020, I served the APPELLEE'S MOTION TO DISMISS APPEAL via the Court's Notice of Electronic Filing system.

I further state that I am familiar with the practice of LEE HIGH, LTD. for service of documents via electronic mail and that, in accordance with that standard practice, on April 8, 2020, I caused to be electronically mailed the APPELLEE'S MOTION TO DISMISS APPEAL to Scott Madison at scott@ourrep.net.

I finally state that I am familiar with the practice of LEE HIGH, LTD. for depositing items for delivery in the United States mail and that, in accordance with that standard practice, on April 9, 2020, I placed copies of the APPELLEE'S MOTION TO DISMISS APPEAL in the United States mail, first class postage prepaid, addressed to:

Scott A. Madison
P.O. Box 18886
Reno, NV 89511

DATED this 8th day of April, 2020.

/s/ Elizabeth Dendary, CP
ELIZABETH DENDARY, CP
Certified Paralegal